IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRED LEE JOHNSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:12-CV-960-TMH |
| | )                [WO] |
| MS. GLOVER, | ) |
| | ) |
|    Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Fred Lee Johnson ["Johnson"], an indigent inmate confined in the Lowndes County Jail. In this case, Johnson complains that Ms. Glover opened a piece of mail addressed to him from this court outside his presence and without his consent.[1]

Upon thorough review of the complaint, the court concludes that this case is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

**II. DISCUSSION**

Johnson alleges that his right to free speech was violated when Ms. Glover

---

[1] It is clear from the complaint that Johnson premises the claim for relief as a violation of his right to free speech protected by the First Amendment.

[2] The court granted Johnson leave to proceed *in forma pauperis*. *Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss any claim prior to service of process if it determines the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

inadvertently opened an envelope containing an order from this court in Civil Action No. 2:12-CV-873-TMH-TFM (M.D. Ala. 2012). *Complaint - Doc. No. 1* at 2. Johnson advises that a correctional officer promptly delivered the mail to him and explained that Ms. Glover had accidentally opened the mail. *Id.* Johnson does not allege that the contents of the mail were altered or that there was any undue delay in his receipt of the mail. *Id.* at 2-3.

An isolated incident of mail opening is insufficient to establish a constitutional violation. *Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003) (allegation of two incidents of mail interference did not warrant relief where plaintiff failed to allege invidious intent or actual harm); *Florence v. Booker*, 23 Fed.Appx. 970, 972-973 (10th Cir. 2001) ("single incident in which prison officials allegedly improperly opened legal mail" did not justify relief where plaintiff failed to "show either an improper motivation by defendants or denial of access to the courts."); *Berger v. White*, 12 Fed.Appx. 768, 771, (10th Cir. 2001) ("isolated incidents of opening constitutionally protected legal mail, 'without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts,' do not support a civil rights claim. *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)"); *Gardner v. Howard,* 109 F.3d 427, 431 (8th Cir. 1997) (isolated incident of inadvertent opening of inmate's incoming legal mail, without evidence of improper motive or resulting interference with inmate's right to counsel or access to courts, does not rise to level of constitutional violation); *Stevenson v. Koskey,* 877 F.2d 1435, 1441 (9th Cir. 1989) (inadvertent opening of an inmate's legal mail, while not to be condoned, constitutes

mere negligence and does not rise to the level of a constitutional rights violation cognizable under 42 U.S.C. § 1983).  Consequently, the instant complaint is due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before July 8, 2014 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of June, 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE